**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4027-14T1

ESSA LEE,

    Plaintiff-Appellant,

v.

HUDSON TOYOTA,

    Defendant-Respondent.

_____

        Submitted March 14, 2017 — Decided July 3, 2017

        Before Judges Fisher and Vernoia.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1559-14.

        Essa Lee, appellant pro se.

        Traflet & Fabian, attorneys for respondent (Stephen G. Traflet and Debra M. Albanese, on the brief).

PER CURIAM

    Plaintiff Essa Lee appeals from a March 20, 2015 order granting summary judgment to defendant Hudson Toyota. Based on our review of the record under the applicable law, we affirm.

Viewing the facts and all reasonable inferences therefrom in the light most favorable to plaintiff as the non-moving party, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), the following facts were presented to the motion court.

In or about March 2010, defendant acquired a 2006 Toyota Highlander (the vehicle) for resale. In April 2010, plaintiff bought the vehicle, which had 40,815 miles on it, from defendant for a total amount of $21,641.80. Plaintiff paid a deposit and financed the balance. Following the purchase, plaintiff obtained a certificate of title from the New York State Department of Motor Vehicles (NYSDMV) in June 2010, showing a "clean" title.

In May 2012, plaintiff was advised by NYSDMV that it could not renew the vehicle's registration and instructed plaintiff to contact NYSDMV's salvage department. The salvage department advised plaintiff the vehicle showed a salvage notation in its title history and, as a result, a new "salvage" title[1] was issued.

Plaintiff informed defendant about the salvage title issue and negotiated a trade-in of the vehicle to defendant as part of a purchase of a 2012 Toyota Highlander. Defendant assessed the

---

[1] Plaintiff did not offer any evidence of the meaning of a salvage title, or the effect, if any, of a salvage title on a vehicle's value.

vehicle's trade-in value, which then had 84,094 miles, at $14,700. After deducting the balance plaintiff still owed to the lender, plaintiff agreed to a net trade-in value of $4062 against the purchase of the 2012 vehicle.

On April 4, 2014, plaintiff filed a pro se complaint alleging defendant concealed the fact that the vehicle was a salvage car. Plaintiff averred that he sustained $18,355.72 in damages consisting of what he paid defendant for the vehicle. Following the completion of discovery, defendant filed a motion for summary judgment.

The court broadly construed plaintiff's complaint to allege causes of action for breach of contract, common law fraud, and violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -204. The court determined there was no evidence showing defendant was aware the vehicle had a salvage title issue when it was sold to plaintiff. Instead, the evidence showed that prior to defendant's sale of the vehicle to plaintiff, it received a Carfax report which did not reveal any salvage title issues, and that when NYSDMV issued the title in June 2010 its records did not reflect a salvage title issue. The record does not include any evidence showing defendant was aware of a salvage title issue prior to its sale of the vehicle to plaintiff.

A-4027-14T1

The court further found plaintiff failed to present any competent evidence he sustained damages as a result of purchasing the vehicle from defendant. The court entered an order granting defendant's motion for summary judgement. This appeal followed.

## II.

As best we can discern the arguments in plaintiff's pro se briefs on appeal,[2] he argues the court erred because he presented evidence showing defendant violated the CFA by selling him a salvage title vehicle and establishing he sustained damages equal to a "full refund" for the vehicle. We disagree.

We review a trial court's grant of summary judgment de novo. Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414 (2016). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c). We must "consider

---

[2] Plaintiff's failure to include point headings as required under Rule 2:6-2(a)(6) complicates our task of ascertaining the arguments asserted. See Almog v. Israel Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div.) (declining to consider on appeal legal issues not made under appropriate point headings), certif. granted, 151 N.J. 463 (1997), appeal dismissed, 152 N.J. 361 (1998). We read the text of the briefs broadly to assert that the court erred by granting summary judgment for the reasons stated in its oral opinion. To the extent plaintiff's briefs may be read to raise arguments not presented to the motion court, the arguments do not concern jurisdictional or public policy issues warranting our consideration for the first time on appeal. Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, supra, 142 N.J. at 523.

We first consider plaintiff's claim the court erred in dismissing his CFA claim based on its finding he did not present competent evidence supporting his damages claim. "A CFA claim requires proof of three elements: '1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 121 (2014) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)).

The CFA "authorizes a statutory remedy for 'any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under [the] [A]ct.'" D'Agostino v. Maldonado, 216 N.J. 168, 184-85 (2013) (quoting Weinberg v. Sprint Corp., 173 N.J. 233, 251 (2002)). "An ascertainable loss under the CFA is one that is 'quantifiable or

measurable,' not 'hypothetical or illusory.'" Id. at 185 (quoting Thiedemann v. Mercedes-Benz USA, L.L.C., 183 N.J. 234, 248 (2005)).

"In cases involving breach of contract or misrepresentation, either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages." Thiedemann, supra, 183 N.J. at 248. "That said, a claim of loss in value must be supported by sufficient evidence to get to the factfinder." Ibid. "To raise a genuine dispute about such a fact, the plaintiff must proffer evidence of loss . . . presented with some certainty demonstrating that it is capable of calculation, although it need not be demonstrated in all its particularity to avoid summary judgment." Ibid.

The determination of whether a plaintiff has suffered an ascertainable loss "focus[es] on the plaintiff's economic position resulting from the defendant's consumer fraud." D'Agostino, supra, 216 N.J. at 194. Compensatory damages in fraud cases are intended "to make 'an injured party whole' [in order] to fairly and reasonably compensate that injured party for the damages or losses proximately caused by the alleged consumer fraud." Romano v. Galaxy Toyota, 399 N.J. Super. 470, 483 (App. Div.) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 11 (2004)), certif. denied, 196 N.J. 344 (2008).

In addition, "[i]n some circumstances, if the defendant or a non-party takes action to ensure that the plaintiff sustains no out-of-pocket loss or loss of value prior to litigation, then plaintiff's CFA claim may fail." D'Agostino, supra, 216 N.J. at 194; see also Thiedemann, supra, 183 N.J. at 251-52 (finding no ascertainable loss where plaintiffs failed to "present any expert evidence to support an inference of loss" in the vehicle's value and defendant repaired a defect at no cost); Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475 (1988) (finding no ascertainable loss where defendant repaid plaintiff's bank loan). But see Cox v. Sears Roebuck & Co., 138 N.J. 2, 22 (1994) (holding that a consumer is not required to actually spend money on repairs prior to litigation).

Thus, "[a]n 'estimate of damages, calculated within a reasonable degree of certainty' will suffice to demonstrate an ascertainable loss." Thiedemann, supra, 183 N.J. at 249 (quoting Cox, supra, 138 N.J. at 22). "[A]n expert may be able to speak to a loss in value of real or personal property due to market conditions, with sufficient precision to withstand a motion for summary judgment." Ibid. "However, by the time of a summary judgment motion, it is the plaintiff's obligation to be able to make such a demonstration or risk dismissal of the cause." Ibid.

A-4027-14T1

In Romano, supra, we determined there was no ascertainable loss where the plaintiff failed to present evidence that the "roll-back" of a vehicle's odometer caused plaintiff to incur any loss of money or value. 399 N.J. Super. at 475, 483. We explained that the award of damages required to compensate the plaintiff for defendant's misrepresentation of the car's mileage was not the purchase price of the car, but the difference between the price paid and its actual value in its altered condition. Id. at 484. However, the plaintiff did not experience any mechanical problems or expend any funds to obtain necessary repairs of the vehicle, and did not provide an expert opinion or other evidence to "quantify the consequential loss suffered due to the altered odometer." Id. at 483.

Here, plaintiff's complaint alleges that he sought damages for a refund of the purchase price of the car. In response to defendant's interrogatory asking that plaintiff specify his damages, plaintiff stated, "See CarFax report. [A] total loss of the car and to be put in position to buy a new car [illegible] hurt me financially." In plaintiff's brief on appeal, he states, "[defendant] did not give [him] a full refund" and only paid "the $10,638 balance [he] owe[d] to the lender."

Plaintiff appears to claim defendant misrepresented the condition of the vehicle and thus incorrectly valued the vehicle

when it was sold to plaintiff and when plaintiff traded it in. However, plaintiff failed to provide any evidence supporting his argument that the car was incorrectly valued on either occasion. The record is devoid of evidence the value of the vehicle would have been less than the price he paid for it in 2010 had the salvage title issue been known at that time. The record is also bereft of evidence that the trade-in value of the vehicle in 2012 was incorrect. His damage claim is unsupported by the testimony of any expert "able to speak to a loss in value of [the property]," Thiedemann, supra, 183 N.J. at 249, or any other evidence "quantify[ing] the consequential loss suffered due to the [condition of the vehicle]," Romano, supra, 399 N.J. Super. at 483.

In addition, plaintiff failed to establish an ascertainable loss by demonstrating that defendant's actions, in accepting the vehicle and applying a trade-in credit towards a new vehicle, were insufficient to address any purported loss of value due to the salvage title issue, see, e.g., Meshinsky, supra, 110 N.J. at 475, particularly in light of the fact that plaintiff used the vehicle to drive approximately 43,000 miles over a two-year period prior to trading it in. In sum, plaintiff failed to provide "an estimate of damages, calculated within a reasonable degree of

certainty," sufficient to withstand a summary judgment motion. Thiedemann, supra, 183 N.J. at 249.

Although plaintiff's brief does not directly address the court's dismissal of his breach of contract and common law fraud claims, his failure to present sufficient evidence supporting his damages claims is fatal to those claims as well. See Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997) ("The five elements of common-law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."); EnviroFinance Grp., LLC v. Envtl. Barrier Co., LLC, 440 N.J. Super. 325, 345 (App. Div. 2015) ("To prevail on a breach of contract claim, a party must prove a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustain[] damages.") Accordingly, we are satisfied summary judgment was properly granted.[3]

---

[3] Because plaintiff failed to present sufficient evidence he sustained compensable damages, it is unnecessary to address the court's determination that defendant was entitled to summary judgment because the evidence showed defendant was unaware of a salvage title issue when it sold the vehicle to plaintiff in 2010.

Plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4027-14T1